**Opinion filed January 6, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00139-CV

_____

## IN THE INTEREST OF B.O. AND M.M., CHILDREN

---

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV2003137**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the parents of B.O. and M.M.  The mother filed this appeal.[1]  On appeal, she presents two issues in which she challenges the sufficiency of the evidence to support three of the trial court's termination findings.  We affirm the order of the trial court.

---

[1]We note that neither B.O.'s father nor M.M.'s father filed an appeal.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2021). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (O), and (P). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being; that Appellant had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their physical or emotional well-being; that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parents for abuse or neglect; and that Appellant had used a controlled substance in a manner that endangered the children and either failed to complete a substance abuse treatment program or abused a controlled substance after completing such a program. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the children.

In her appellate brief, Appellant seems to challenge both the legal and factual sufficiency of the evidence. To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex.

2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence Presented at Trial*

The record shows that Appellant has a long history of involvement with the Department. According to the Department's permanency case manager, this history—of Appellant abusing and neglecting her children and putting them in situations that endangered their mental, physical, and emotional well-being— spanned fifteen years. Appellant's parental rights to two other children had been

terminated prior to the beginning of this case, and permanent managing conservatorship of another child had previously been awarded to a relative.

The intake relevant to this appeal involved B.O.'s outcry of sexual abuse while she was in Appellant's care. B.O. indicated that Appellant's girlfriend's son was molesting B.O.; however, Appellant refused to believe B.O. and failed to protect B.O. from the abuse even after a safety plan was put into place by the Department. At that time, B.O. was six years old.

In addition to B.O.'s outcry, the Department had also received information that Appellant sometimes left the children—then six and three years old—home alone. Another concern for the children was the condition of Appellant's apartment. There was feces on the floor in the bathroom and in the children's bedroom, and roaches were all over the apartment. Throughout Appellant's long history with the Department, unsanitary living conditions remained a concern.

Appellant participated in the preparation of a family service plan, which was subsequently made an order of the trial court. Appellant participated in some of her services, but she did not complete them and was ultimately dropped from some of her services because she had quit participating in them. Appellant was not able to maintain a stable home or employment while the case was pending below. Additionally, she continued to associate with a registered sex offender while the case was pending, and she tested positive for methamphetamine and amphetamine—at a high level—approximately one month prior to the final hearing on termination. At the time of trial, she had been evicted from her apartment, and she was living in her car. Appellant was not present for trial, although she was aware of the trial setting.

For most of the time that this case was pending below, Appellant generally attended her visits with the children, and those visits went relatively well. However, at some point, the visitation support worker noticed that "something was up" with Appellant during her visits, and B.O.'s placement noticed that "something was

wrong" with Appellant.  As a result, the permanency case manager requested that Appellant submit to a drug test.  She tested positive for methamphetamine.

B.O. was seven years old at the time of trial and had been placed with a maternal relative.  B.O. was doing well in that placement, and the relative wished to adopt her.

M.M. was four years old at the time of trial.  She was initially placed with her father but later had to be removed from his care and placed in foster care.  M.M. has special needs and requires lots of supervision.  M.M.'s paternal grandmother and the maternal relative with whom B.O. had been placed both wished to be considered as a placement and potential adoptive placement for M.M.

The children's attorney and guardian ad litem, as well as the Department, believed that termination of Appellant's parental rights would be in the best interest of the children.

*Analysis*

In her first issue, Appellant challenges the sufficiency of the evidence to prove grounds (D) and (E).  We must address this issue even though Appellant does not challenge the findings made under grounds (O) and (P).  *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds); *see also In re J.F.-G.*, 627 S.W.3d 304, 312 (Tex. 2021) (acknowledging that one predicate finding—coupled with a best-interest finding—is enough to uphold the judgment on review).

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act.  *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.).  Additionally, termination under subsection (E) must

5

be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct need not be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use may constitute evidence of endangerment. *Id.*

Based upon evidence that showed Appellant's history of neglecting her children, Appellant's failure to protect B.O. from being sexually molested even after B.O. had made an outcry of sexual abuse, the unsanitary conditions of Appellant's residence, and Appellant's use of methamphetamine while this case was pending, we conclude that the trial court could have found by clear and convincing evidence that Appellant had engaged in conduct or knowingly placed her children with persons who engaged in conduct that endangered the children's physical or emotional well-being. We hold that the evidence is legally and factually sufficient to uphold the trial court's finding as to Appellant under subsection (E). Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding as to subsection (E), we need not reach Appellant's challenge to the finding under subsection (D). *See* FAM. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35; *see also* TEX. R. APP. P. 47.1. We overrule Appellant's first issue.

In her second issue, Appellant challenges the sufficiency of the evidence to support the trial court's finding that termination of her parental rights would be in the best interest of B.O. and M.M. Appellant asserts that it was not in the children's best interest to terminate Appellant's parental rights because the children love their mother and are attached to her.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could

reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in B.O.'s and M.M.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the children; the emotional and physical needs of the children now and in the future; the emotional and physical danger to the children now and in the future; the parental abilities of those involved; the plans for the children by the Department; the acts previously committed by Appellant that endangered her children; Appellant's history with the Department; Appellant's use of methamphetamine while this case was pending; and the instability of Appellant's situation, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of both B.O. and M.M. *See id.* We defer to the trial court's finding as to the children's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the finding as to best interest is not supported by clear and convincing evidence. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE

January 6, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.